UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC BLACKWELL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 04-1686**<br>**(c/w 04-1930)** |
| **MID-STREAM FUEL SVC, ET AL.** | **SECTION "L" (5)** |

### ORDER AND REASONS

Pending before the Court is Plaintiff Eric Blackwell's Motion for Summary Judgment, which was taken under submission by the Court on June 6, 2005. For the following reasons, the motion is DENIED.

### I.  FACTS

This case arises out of injuries allegedly sustained by Plaintiffs Eric Blackwell and Carl Binder while they were employed by Defendant Mid-Stream Fuel Service ("Mid-Stream"), the operator of the M/V JEANIE-G. Binder was employed as a captain of the M/V JEANIE-G, and Blackwell was a tankerman upon that same vessel. Defendant Murphy Oil USA Inc was the charterer of the M/V JEANIE-G, and Defendant Martin Operating Partnership, L.P. was the vessel owner.

Plaintiffs allege that they were in the course and scope of their employment on December 2, 2003, when the M/V JEANIE-G lost an engine and collided with the M/V OCEAN PRIDE in the Mobile channel. According to the Plaintiffs, at approximately 2:10 p.m. as the M/V JEANIE-G approached at the intersection of the Gulf Intracoastal Waterway and the Mobile Ship Channel (an area known as "the flats"), Captain Binder contacted the M/V OCEAN PRIDE and asked for permission to cross in front of the M/V OCEAN PRIDE. The pilot of the M/V

OCEAN PRIDE agreed to the crossing. While crossing, Captain Binder claims that he determined that the maneuver could not be made safely, and he attempted to abort the crossing. During this attempt, the M/V JEANIE-G's starboard engine failed. Captain Binder ordered Tankerman Blackwell to restart the starboard engine. While Blackwell was attempting to do so, the M/V OCEAN PRIDE struck the M/V Jeanie-G on its port side.

The Plaintiffs claim that they were injured as a result of the collision. Captain Binder claims that he was tossed about the wheelhouse during the collision, injuring his back. Blackwell claims that he was thrown from the vessel, injuring his head, neck, and back. According to Blackwell, he remained in the water for approximately thirty-four minutes awaiting rescue, during which time he ingested diesel fuel and gasoline that had spilled into the water due to the collision. Additionally, Blackwell claims to have suffered traumatic stress syndrome. Further, both Plaintiffs seek recovery for loss of past and future earning, loss of earning capacity, inconvenience, and loss of enjoyment of life. Blackwell and Binder claim that they have made a demand upon Mid-Stream to provide maintenance and cure to no avail. Each brings his claim under the Jones Act and asserts that Mid-Stream was negligent in failing to provide him with a safe place to work, a seaworthy vessel, and an adequately trained crew. Each Plaintiff seeks to recover $1,000,000, in addition to $35.00 per day in maintenance and cure, and any and all medical expenses incurred.

The Defendants do not deny the occurrence of an accident between the vessels. However, they refute any negligence or unseaworthiness and allege that Plaintiffs' injuries were preexisting. The Defendants claim that Kirk Barrett, the captain of the M/V OCEAN PRIDE, considered the crossing unsafe but did not communicate this opinion to Captain Binder. According to the Defendants, the liability in this matter should be apportioned between Captain

Binder, Martin Operating Partnership, Mr. Barrett, and the M/V OCEAN PRIDE.

## II.  BLACKWELL'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff Blackwell moves the Court for summary judgment in his favor and against Mid-Stream and Martin Operating Partnership, the vessel's operator and owner, respectively.  Blackwell argues that the collision at issue occurred when the M/V JEANIE-G's starboard engine failed, rendering the vessel unseaworthy. Blackwell points out that even if Captain Binder could have avoided the accident, the vessel was still unseaworthy, and since Blackwell was a tankerman who had no control over the vessel, he also has no fault in the accident or his injuries.  Therefore, Blackwell asks the court to grant summary judgment in his favor declaring that the M/V JEANIE-G was unseaworthy on December 2, 2003, and that Mid-Stream and Martin Operating Partnership are liable for Blackwell's damages.  The Defendants respond that Blackwell has failed to establish that any unseaworthiness of the M/V JEANIE-G was the proximate cause of its collision with the M/V OCEAN PRIDE.[1]

## III.  LAW AND ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56. When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion."  *General Universal*

---

[1]The Defendants also argue that Blackwell has no claim for unseaworthiness against Defendant Murphy Oil, the charterer who was the owner of the cargo diesel fuel and gasoline aboard the vessel.  However, Blackwell's motion only asks the court to find that the Defendants Mid-Stream and Martin are liable for the vessel's unseaworthy condition.

*Systems, Inc. v. Lee*, 379 F,3d 131, 137 (5th Cir. 2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

The owner of a vessel has a non-delegable duty to furnish a seaworthy vessel. *Florida Fuels, Inc. v. Citgo Petroleum Corp.*, 6 F.3d 330, 332 (5th Cir. 1993). To be seaworthy, a vessel and its appurtenances must be reasonably suited for the purpose or use for which they were intended. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). The shipowner's actual or constructive knowledge of the unseaworthy condition is not essential to the shipowner's liability. *Id.* at 549. In the instant case, it is undisputed that the M/V JEANIE-G's starboard engine failed. This defective condition of the vessel is enough to render the vessel unseaworthy. However, under a claim for vessel unseaworthiness, damages are recoverable only where "the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that injury was either a direct result of a reasonably probable consequence of the unseaworthiness." *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988). Therefore, the seaman making an unseaworthiness claim must demonstrated that his injuries were a result of the unseaworthy condition.

Drawing all inferences most favorable to the Defendants, the Court cannot determine whether Blackwell's injuries were caused by the unseaworthiness of the vessel, the negligence of Captain Bender, the negligence of Captain Barrett, or a combination of each of these possibilities. Whatever the cause, Blackwell, as a tankerman, stands in a position to recover for his injuries. However, because there are genuine issues of material fact with regards to the cause of the accident and Blackwell's resultant injuries, summary judgment on the issue of

unseaworthiness is not appropriate at this time. Once a jury determines the cause of the accident, Blackwell's recovery may become the subject of a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

**IV.  CONCLUSION**

For the aforementioned reasons, Plaintiff Eric Blackwell's Motion for Summary Judgment is DENIED.

New Orleans, Louisiana, this  21st   day of  July  , 2005.

_____
UNITED STATES DISTRICT JUDGE