U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 7-27-05
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC BLACKWELL

VERSUS

MID-STREAM FUEL SVC, ET AL.

CIVIL ACTION

NUMBER 04-1686
(Ref: 04-1930)

SECTION "L" (5)

JURY INSTRUCTIONS

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, AT THIS TIME, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THE CASE.

IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS. DO NOT



Fee
Process
X Dktd
CtRmDep
Doc.No.

CONSIDER ANY STATEMENTS THAT I HAVE MADE DURING THE COURSE OF THE TRIAL, WHETHER TO COUNSEL OR WITNESSES OR TO YOU, OR THAT I MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION AS TO THE FACTS OF THIS CASE. IT IS YOUR RESPONSIBILITY TO DETERMINE THE FACTS.

IN DETERMINING WHAT ACTUALLY HAPPENED IN THIS CASE--THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS--IT IS YOUR SWORN DUTY TO FOLLOW THE LAW AS I EXPLAIN IT TO YOU AND YOU MUST FOLLOW MY INSTRUCTIONS AS A WHOLE.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. THAT IS, YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE TESTIMONY AND EVIDENCE IN THE CASE WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF

EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. ALL PERSONS AND CORPORATIONS OR OTHER ENTITIES STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS ADMITTED INTO THE RECORD. REMEMBER THAT ANY STATEMENTS, OBJECTIONS, QUESTIONS, OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF HIS CLAIMS BY A "PREPONDERANCE OF THE EVIDENCE." A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MINDS A BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, TO ESTABLISH A CLAIM BY A "PREPONDERANCE OF THE EVIDENCE" MERELY MEANS TO PROVE THAT THE CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A "PREPONDERANCE OF THE EVIDENCE" IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFF'S CLAIMS FOR DAMAGES BY A PREPONDERANCE OF THE EVIDENCE, YOU, THE JURY, SHOULD FIND FOR THE DEFENDANTS AS TO

THAT CLAIM.

AS I HAVE STATED, THE PLAINTIFF NEEDS TO PROVE HIS CASE ONLY BY A PREPONDERANCE OF THE EVIDENCE. HE NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND HE NEED NOT PROVE HIS CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN HIS FAVOR.

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.

IN WEIGHING THE CONDUCT OF A WITNESS OR HIS OR HER TESTIMONY, YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY

FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING THAT IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY. IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, YOU MAY GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, IF ANY, YOU THINK IT DESERVES. IF A WITNESS IS SHOWN KNOWINGLY TO HAVE TESTIFIED FALSELY ABOUT ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS' OTHER TESTIMONY AND YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU MAY THINK IT DESERVES. AN ACT OR OMISSION IS "KNOWINGLY DONE," IF VOLUNTARILY AND INTENTIONALLY, AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER

EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. IN THIS PARTICULAR CASE CERTAIN CONCEPTS ARE WITHIN THE SPECIALIZED KNOWLEDGE OF EXPERTS, THEREFORE EXPERT WITNESSES HAVE TESTIFIED IN THIS CASE. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINIONS ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

IN DECIDING WHETHER TO REJECT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS AN ECONOMIC, PHILOSOPHICAL OR OTHER INTEREST IN THE OUTCOME OF THE CASE.

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF

THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

ADDITIONALLY, ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE

RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

IN THIS CASE, THE PLAINTIFF, CARL BINDER, WAS EMPLOYED BY DEFENDANT MARTIN MID-STREAM GP, THE OPERATOR OF THE PUSH BOAT, M/V JEANIE-G. MR. BINDER WAS EMPLOYED AS A CAPTAIN OF THE M/V JEANIE-G. DEFENDANT MARTIN OPERATING PARTNERSHIP, L.P. WAS THE VESSEL OWNER.

THE PLAINTIFF ALLEGES THAT HE WAS IN THE COURSE AND SCOPE OF HIS EMPLOYMENT ON DECEMBER 2, 2003 WHEN THE M/V JEANIE-G LOST AN ENGINE AND, AS A RESULT, A COLLISION OCCURRED BETWEEN THE M/V JEANIE-G AND THE M/V OCEAN PRIDE IN THE MOBILE CHANNEL. ACCORDING TO THE PLAINTIFF, AT APPROXIMATELY 2:10 P.M., AS THE M/V JEANIE-G APPROACHED THE INTERSECTION OF THE GULF INTRACOASTAL WATERWAY AND THE MOBILE SHIP CHANNEL (AN AREA KNOWN AS "THE FLATS"), CAPTAIN BINDER CONTACTED THE CAPTAIN OF THE M/V OCEAN PRIDE AND INDICATED THAT HE PLANNED TO CROSS IN FRONT OF THE M/V OCEAN PRIDE. THE CAPTAIN OF THE M/V OCEAN PRIDE ALLEGEDLY AGREED TO THE CROSSING. THE M/V JEANIE-G WAS THE BURDENED VESSEL AND THE M/V OCEAN PRIDE HAD THE RIGHT OF WAY. ACCORDING TO CAPTAIN BINDER, WHILE CROSSING, HE DETERMINED THAT THE MANEUVER COULD NOT BE MADE SAFELY, AND HE ATTEMPTED TO ABORT THE CROSSING. DURING THIS ATTEMPT, THE M/V JEANIE-G'S STARBOARD ENGINE ALLEGEDLY FAILED. CAPTAIN BINDER CLAIMS THAT HE ORDERED TANKERMAN BLACKWELL TO RESTART THE STARBOARD ENGINE. WHILE MR. BLACKWELL WAS ATTEMPTING TO DO SO, THE M/V OCEAN PRIDE

STRUCK THE TOW OF THE M/V JEANIE-G ON ITS PORT SIDE.

THE PLAINTIFF CLAIMS THAT HE WAS INJURED AS A RESULT OF THE COLLISION. CAPTAIN BINDER CLAIMS THAT HE WAS TOSSED ABOUT THE WHEELHOUSE DURING THE COLLISION, INJURING HIS NECK AND BACK. FURTHER, THE PLAINTIFF CLAIMS LOSS OF PAST AND FUTURE EARNINGS, LOSS OF EARNING CAPACITY, INCONVENIENCE, AND LOSS OF ENJOYMENT OF LIFE. THE PLAINTIFF BRINGS HIS CLAIM UNDER THE JONES ACT AND GENERAL MARITIME LAW AND ASSERTS THAT THE DEFENDANTS WERE NEGLIGENT IN FAILING TO PROVIDE HIM WITH A SAFE PLACE TO WORK AND THAT THE VESSEL WAS UNSEAWORTHY.

THE DEFENDANTS DO NOT DENY THE OCCURRENCE OF AN ACCIDENT BETWEEN THE VESSELS. HOWEVER, THE DEFENDANTS REFUTE ANY NEGLIGENCE OR UNSEAWORTHINESS AND ALLEGE THAT THE PLAINTIFF'S INJURIES WERE PREEXISTING. THE DEFENDANTS CLAIM THAT THE COLLISION WAS CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE OF THE PLAINTIFF.

LIABILITY AND DAMAGES ARE BOTH AT ISSUE IN THIS CASE. NEITHER THE PLAINTIFF NOR THE DEFENDANTS ACCEPT RESPONSIBILITY FOR THE ACCIDENT. FURTHERMORE, THE PARTIES DISPUTE THE EXTENT AND CAUSE OF THE PLAINTIFF'S INJURIES AND THE EXTENT OF MONETARY DAMAGES.

**LIABILITY**

THE PLAINTIFF IS ASSERTING TWO SEPARATE CLAIMS AGAINST THE DEFENDANTS IN THIS CASE. THE PLAINTIFF'S FIRST CLAIM UNDER A FEDERAL STATUTE OR LAW KNOWN AS THE JONES ACT IS THAT THE PLAINTIFF'S EMPLOYER, MARTIN MID-STREAM GP, WAS NEGLIGENT AND THAT THIS NEGLIGENCE WAS THE CAUSE OF THE PLAINTIFF'S INJURIES. THE PLAINTIFF'S SECOND CLAIM IS THAT THE M/V JEANIE-G WAS UNSEAWORTHY AND THAT THIS UNSEAWORTHINESS CAUSED HIS INJURIES.

YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. THE PLAINTIFF IS NOT REQUIRED TO PROVE BOTH OF THESE CLAIMS. HE MAY RECOVER IF HE PROVES EITHER OF THEM. HOWEVER, HE MAY ONLY RECOVER THOSE DAMAGES OR BENEFITS THAT THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES; HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

**JONES ACT**

UNDER THE JONES ACT, THE EMPLOYER OF A SEAMAN, SUCH AS THE PLAINTIFF, IS RESPONSIBLE TO ITS EMPLOYEE FOR ANY DAMAGE CAUSED BY ITS NEGLIGENCE. NEGLIGENCE IS THE FAILURE TO USE REASONABLE CARE. REASONABLE CARE IS THAT DEGREE OF CARE WHICH A REASONABLY CAREFUL PERSON WOULD USE UNDER LIKE OR SIMILAR CIRCUMSTANCES. NEGLIGENCE MAY CONSIST OF EITHER DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE OR SIMILAR CIRCUMSTANCES, OR IN

FAILING TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO UNDER LIKE OR SIMILAR CIRCUMSTANCES.

EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK AND FAILURE TO DO SO CONSTITUTES NEGLIGENCE. UNDER THE JONES ACT, AN INJURY IS CONSIDERED CAUSED BY A NEGLIGENT ACT, OR FAILURE TO ACT, IF THE NEGLIGENT ACT OR OMISSION PLAYED ANY PART, NO MATTER HOW SMALL, IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY.

FURTHER, A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ITS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS JOB.

A SEAMAN, SUCH AS THE PLAINTIFF, IS OBLIGATED UNDER THE GENERAL MARITIME LAW TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. IN OTHER WORDS, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

**UNSEAWORTHINESS**

WITH REGARD TO PLAINTIFF'S SECOND CLAIM--THE CLAIM OF UNSEAWORTHINESS--A VESSEL OWNER, SUCH AS MARTIN OPERATING

PARTNERSHIP, OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE SHIP AND ALL PARTS OF THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF A VESSEL OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL—A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE—NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. THE VESSEL OWNER NEED ONLY FURNISH A VESSEL AND ITS APPURTENANCES, INCLUDING GEAR AND PASSAGEWAYS, THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR ITS ASSIGNED TASKS.

IN AN UNSEAWORTHINESS CLAIM, A PLAINTIFF MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. AN INJURY IS "PROXIMATELY CAUSED" BY AN ACT WHENEVER IT APPEARS FROM A PREPONDERANCE OF THE EVIDENCE THAT THE ACT PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE

CONSEQUENCE OF THE ACT OR FAILURE TO ACT.

IN SUMMARY, IF YOU FIND THAT THE VESSEL UPON WHICH THE PLAINTIFF WAS WORKING - THE M/V JEANIE-G - WAS IN ANY MANNER UNFIT IN ACCORDANCE WITH THE LAW AS I HAVE JUST EXPLAINED IT TO YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THAT THE SHIPOWNER IS LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE DEFENDANTS OR ANY OF THEIR EMPLOYEES.

THE DEFENDANTS DENY THAT THEY WERE NEGLIGENTLY OR THAT THE M/V JEANIE-G WAS UNSEAWORTHY. THEY FURTHER ARGUE THAT CAPTAIN BINDER EITHER CAUSED OF CONTRIBUTED TO THE COLLISION. IF CAPTAIN BINDER'S ACTIONS WERE A CONTRIBUTING FACTOR, HE MAY STILL RECOVER UNDER THE DOCTRINE OF CONTRIBUTORY NEGLIGENCE. THE DOCTRINE OF CONTRIBUTORY NEGLIGENCE ALLOWS CAPTAIN BINDER TO RECOVER FOR HIS INJURIES, EVEN IF HIS NEGLIGENCE CONTRIBUTED TO HIS INJURY; HOWEVER, THE AMOUNT OF CAPTAIN BINDER'S RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE. THE BURDEN OF PROOF IS ON THE DEFENDANTS TO PROVE THE CONTRIBUTORY NEGLIGENCE OF CAPTAIN BINDER BY A "PREPONDERANCE OF THE EVIDENCE."

**DAMAGES**

"DAMAGES" IS THE TERM WHICH EXPRESSES IN DOLLARS AND CENTS THE INJURIES SUSTAINED BY THE PLAINTIFF.

IF THE PLAINTIFF HAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT HIS INJURIES WERE CAUSED BY THE DEFENDANTS' NEGLIGENCE OR THE UNSEAWORTHINESS OF THE M/V JEANIE-G, YOU MUST DETERMINE THE AMOUNT OF DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, RECOVER ANY AMOUNT. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE PLAINTIFF SUFFERED DAMAGES AS A RESULT OF THE DEFENDANTS' FAULT. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE PLAINTIFF WAS INJURED AS A RESULT OF THE DEFENDANTS' FAULT AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANTS.

YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE – THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE HE SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES

THAT THE PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY THE DEFENDANTS' FAULT OR THE UNSEAWORTHINESS OF THE DEFENDANTS' VESSEL. THE DAMAGES YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF ACTUALLY SUFFERED.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. THAT IS TO SAY, YOU SHOULD NOT BE AFFECTED BY SYMPATHY, COMPASSION, PREJUDICE, OR BIAS. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

THE PLAINTIFF HAS CLAIMED PERSONAL INJURIES RESULTING FROM THE ACCIDENT. THE DAMAGES FOR PERSONAL INJURY CANNOT BE ASSESSED BY ANY FIXED RULE, BUT YOU ARE THE SOLE JUDGES AS TO THE MEASURE OF

DAMAGES IN THIS CASE. YOU MAY CONSIDER THE FOLLOWING FACTORS TO DETERMINE THE AMOUNT OF DAMAGES TO AWARD AS MAY BE SHOWN BY A PREPONDERANCE OF THE EVIDENCE:

1. THE TYPE OF INJURIES TO THE PLAINTIFF, IF ANY, AND THEIR DURATION.

2. PAST, PRESENT, AND FUTURE PHYSICAL PAIN AND SUFFERING AND RESULTING MENTAL ANGUISH, IF ANY, SUFFERED BY THE PLAINTIFF.

3. ANY FUTURE IMPAIRMENT THAT IS REASONABLY PROBABLE TO OCCUR AND ITS DURATION.

5. LOSS OF PAST WAGES.

5. LOSS OF FUTURE WAGE EARNING CAPACITY.

AN AMOUNT TO COVER A FUTURE LOSS OF WAGES IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD THE PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT THAT AWARD TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT IF IT WERE INVESTED OVER THE PERIOD OF TIME IN WHICH THE PLAINTIFF WOULD HAVE BEEN EARNING THESE WAGES. IF YOU DECIDE THAT THE PLAINTIFF IS ENTITLED TO SUCH AN AWARD, YOU SHOULD LIST THIS "DISCOUNTED" FIGURE AS THE AMOUNT OF FUTURE LOSS OF WAGES.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT

VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

IN DETERMINING AN AWARD FOR LOSS OF FUTURE WAGES, YOU MAY CONSIDER FACTORS SUCH AS THE NUMBER OF YEARS THAT THE PLAINTIFF MAY BE EXPECTED TO LIVE AND WORK, HIS WORK RECORD, HIS EARNINGS IN PRIOR YEARS, THE PROBABILITY THAT HE WOULD HAVE EARNED SIMILAR, GREATER OR LESSOR AMOUNTS IN THE REMAINDER OF HIS WORK-LIFE, AND SIMILAR FACTORS.

IF YOU FIND THE DEFENDANTS LIABLE FOR THE ACCIDENT, BUT ALSO FIND THAT CAPTAIN BINDER WAS NEGLIGENT AND THAT HIS NEGLIGENCE CONTRIBUTED TO HIS INJURIES, THEN YOU MUST DETERMINE THE PERCENTAGE THAT CAPTAIN BINDER'S NEGLIGENCE CONTRIBUTED TO HIS INJURIES. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE VERDICT FORM WHICH I HAVE GIVEN TO YOU. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO THE PLAINTIFF. I WILL REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO CAPTAIN BINDER, IF ANY.

FURTHER, IF YOU FIND FROM THE EVIDENCE THAT THE DEFENDANTS HAVE PROVED THAT THE PLAINTIFF WAS SUFFERING FROM A PRE-EXISTING CONDITION THEN THE RULE OF LAW TO BE APPLIED IS AS FOLLOWS: THE

DEFENDANTS MUST TAKE THE PLAINTIFF AS THEY FIND HIM. A PERSON IS ENTITLED TO RECOVER DAMAGES WHICH ARISE WHEN AN INJURY CAUSED SOME PRE-EXISTING DEFECT OR DISEASED CONDITION TO FLARE UP OR BECOME AGGRAVATED OR BECOME MORE SERIOUS. HOWEVER, IN SUCH A CASE, DAMAGES ARE DUE ONLY FOR THE AGGRAVATION OR WORSENING OF THE CONDITION AND NOT FOR THE PRE-EXISTING CONDITION ITSELF AND, IN SUCH A CASE, A PARTY RESPONSIBLE FOR THE INJURY CANNOT ASK THAT THE AGGRAVATION CAUSED BY THE INJURY BE DISREGARDED.

THE BURDEN IS ON THE PLAINTIFF IN THE CASE TO PROVE THAT THE WORSENING OF THE PLAINTIFF'S CONDITION, IF ANY, IS A DIRECT OR PROXIMATE RESULT OF THE INJURY SUSTAINED IN THE INCIDENT FORMING THE BASIS OF THE LAWSUIT.

MOREOVER, IT IS THE LAW OF THIS STATE THAT A PLAINTIFF IS UNDER A DUTY AFTER SUFFERING HARM, IF ANY, TO EXERCISE DUE CARE AND TO TAKE REASONABLE STEPS TO AVOID, DIMINISH, OR MITIGATE THE DAMAGES RESULTING FORM THAT HARM.

SHOULD YOU FIND FOR THE PLAINTIFF IN THIS CASE, YOU MUST FIX THE AMOUNT OF YOUR VERDICT AND RETURN IT AGAINST EACH OF THE DEFENDANTS WHOM YOU FIND LIABLE, DESIGNATING THE PERCENTAGE OF FAULT, IF ANY, FOR EACH DEFENDANT. THEREFORE, IF YOUR VERDICT IS FOR THE PLAINTIFF AGAINST MORE THAN ONE OF THE DEFENDANTS IN THIS CASE,

THEN YOU SHOULD FIX THE TOTAL AMOUNT OF YOUR VERDICT FOR THE PLAINTIFF, IF ANY, IN ACCORDANCE WITH THE OTHER INSTRUCTIONS OF THIS COURT. YOU MUST ALSO DETERMINE THE PERCENTAGE EACH DEFENDANTS' NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE VERDICT FORM WHICH I HAVE GIVEN TO YOU. DO NOT ALLOCATE A SPECIFIC DOLLAR AMOUNT OF DAMAGES TO ANY ONE DEFENDANT. I WILL ALLOCATE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF NEGLIGENCE THAT YOU ASSIGN TO THE EACH DEFENDANT.

IN CONSIDERING THE DAMAGES, IF ANY, RECOVERABLE BY THE PLAINTIFF, REMEMBER THAT SUGGESTIONS AS TO THE AMOUNT OF DAMAGES THAT SHOULD BE AWARDED ARE MERE ARGUMENTS OF COUNSEL. YOU MAY CONSIDER THEM AND USE THEM ONLY AS GUIDELINES TO WHATEVER EXTENT THEY MAY AID YOU IN ARRIVING AT A REASONABLE AND JUST AWARD IN VIEW OF THE EVIDENCE. BUT YOU ARE IN NO WAY BOUND BY, NOR SHOULD YOU USE, ANY RIGID MATHEMATICAL FORMULA. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION AND MUST BE BASED ON COMPETENT EVIDENCE.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST THAT I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. THAT IS FOR YOU TO DECIDE.

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE

ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT MUST BE **UNANIMOUS** ON **EACH** AND **EVERY** INTERROGATORY YOU ARE CALLED ON TO DECIDE.

**[READ THE VERDICT FORM NOW]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS THE EXHIBITS THE COURT ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND

CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE OR QUESTION TO THE MARSHAL, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS THE COURT ORDERS OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CARL BINDER** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 04-1686**<br>**(Ref: 04-1930)** |
| **MID-STREAM FUEL SVC, ET AL.** | **SECTION "L" (5)** |

## JURY INTERROGATORIES

Please answer the following questions.

1. Was the Plaintiff's employer, Martin Mid-Stream GP, LLC negligent with respect to the collision of December 2, 2003?

Yes_________ No_________

(If your answer to Question 1 is "Yes," please proceed to Question 2; if your answer is "No," please proceed to Question 3)

2. Was Martin Mid-Stream GP's negligence a proximate cause of Captain Carl Binder's injuries?

Yes_________ No_________

(Please proceed to Question 3)

3. Was Captain Carl Binder negligent with respect to the collision of December 2, 2003?

Yes_________ No_________

(If your answer to Question 3 is "Yes," please proceed to Question 4; if your answer is "No," please proceed to Question 5)

4. Was Captain Carl Binder's negligence a proximate cause of his injuries?

Yes_________ No_________

(Please proceed to Question 5)

5. Was the M/V JEANIE-G unseaworthy at the time of the accident on December 2, 2003?

Yes_________ No_________

(If your answer to Question 5 is "Yes," please proceed to Question 6; if your answer is "No," please proceed to Question 7)

6. Was the M/V JEANIE-G's unseaworthiness a proximate cause of Captain Carl Binder's injuries?

Yes_________ No_________

(Please proceed to Question 7)

7. Expressed in a percentage, to what degree, if any, did the fault of each of the following contribute to the cause of Captain Carl Binder's damages:

a) The negligence of the Plaintiff's employer, Martin Mid-Stream GP, LLC

_________%

b) The negligence of Captain Carl Binder _________%

c) The unseaworthiness of the M/V JEANIE-G _________%

(Please proceed to Question 8)

8. What amount, if any, do you find will fairly and adequately compensate Captain Carl Binder for his injuries?

a) Past, present, and future pain and suffering and resulting mental anguish

$ ______________

b) Future impairment that is reasonably probable to occur $ ______________

c) Loss of past wages $______________

d) Loss of future wage earning capacity $______________

(Please date and sign the verdict form and return to the courtroom.)

New Orleans, Louisiana, this ______ day of July, 2005.

______________________________

**FOREPERSON**