MINUTE ENTRY
FALLON, J.
JULY 26, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ERIC BLACKWELL — CIVIL ACTION

VERSUS — NO. 04-1686
REF: 04-1930

MID-STREAM FUEL SERVICE LLC/
MIDSTREAM HOLDING CORPORATION, ET AL — SECTION: L

BEFORE JUDGE ELDON E. FALLON
TUESDAY, JULY 26, 2005 - 9:00 am
(continued from 7-25-05)
Courtroom Deputy: Gaylyn Lambert
Court Reporter: Cathy Pepper

Appearances: Darleen Jacobs, Esq. & Thomas Byrne, Esq. for plaintiffs
Robert Killeen, Jr., Esq. and Robert Stern, Esq. for defendants

---

JURY TRIAL ON LIABILITY:

Plaintiff's Witnesses:
Dr. Andre Fontana - by deposition. Transcript filed into the record.
Plaintiff rests. Jury out:
Motion of defendants to dismiss defendant, Murphy Oil USA, Inc. - no objection - GRANTED.
Motion of defendants for Judgment as a Matter of Law pursuant to Rule 50A - argument - DENIED. Jury in:

Defendants' Witnesses:
Capt. John Michael Whalen - sworn
Defendants rest. No rebuttal witnesses. Jury out:
Motion of plaintiff under Rule 50 for Judgment as a Matter of Law on the issue of unseaworthiness - DENIED.

JS-10: 3:25

Objections to jury charges are dictated on the record by the parties.
Jury in:

Closing Arguments.
Jury charged and instructed by the Court.
Jury retires for deliberation @ 12:50 pm (actually 2:10 pm as jury has lunch first).
Jury returns from deliberation @ 8:18 pm.
The Court advises the jury that the verdict is inconsistent.
Jury returns to deliberation @ 8:30 pm.
Jury returns from deliberation @ 9:25 pm.
VERDICT: In favor of plaintiff. See verdict form attached.
Jury polled; all answer in affirmative.
Jury is thanked and excused.
Defendants objections are dictated on the record.
Court orders verdict be entered.
Motions, if any, may be filed within the allowed delays.
The Court will schedule a status conference to set a hearing on maintenance and cure.

Court adjourned at 9:30 pm.

1. Last day of employment with Mid-Stream? and Cause

2. Was he able to recieve workmans comp?

Connie V McKern

Received by Court at 3:10 P.M. (~~over~~)

7/26/05
3:25

Dear Jury:

(1) The parties dispute the last day of employment & also dispute the cause.

(2) Workman's Comp. is not an issue in this case.

Judge Fallon

Notes From Jury 04-1686 - L
Ref: 04-1930

7/26/05 6:19 pm

Can we have a definition of what proximate means like in question #2.

Connie Wilkerson

6:40 PM

Please refer to P. 12 1st full paragraph of the Jury Instructions for the definition of cause under the Jones act

Judge Fallon

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CARL BINDER** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 04-1686**<br>**(Ref: 04-1930)** |
| **MID-STREAM FUEL SVC, ET AL.** | **SECTION "L" (5)** |

## JURY INTERROGATORIES

Please answer the following questions.

1. Was the Plaintiff's employer, Martin Mid-Stream GP, LLC negligent with respect to the collision of December 2, 2003?

Yes ✓ No________

(If your answer to Question 1 is "Yes," please proceed to Question 2; if your answer is "No," please proceed to Question 3)

2. Was Martin Mid-Stream GP's negligence a proximate cause of Captain Carl Binder's injuries?

Yes ✓ No [scribbled out] CN

(Please proceed to Question 3)

3. Was Captain Carl Binder negligent with respect to the collision of December 2, 2003?

Yes ✓ No________

(If your answer to Question 3 is "Yes," please proceed to Question 4; if your answer is "No," please proceed to Question 5)

4. Was Captain Carl Binder's negligence a proximate cause of his injuries?

Yes ✓ No ____

(Please proceed to Question 5)

5. Was the M/V JEANIE-G unseaworthy at the time of the accident on December 2, 2003?

Yes ____ No ✓

(If your answer to Question 5 is "Yes," please proceed to Question 6; if your answer is "No," please proceed to Question 7)

6. Was the M/V JEANIE-G's unseaworthiness a proximate cause of Captain Carl Binder's injuries?

Yes ____ No ____

(Please proceed to Question 7)

7. Expressed in a percentage, to what degree, if any, did the fault of each of the following contribute to the cause of Captain Carl Binder's damages:

a) The negligence of the Plaintiff's employer, Martin Mid-Stream GP, LLC 20 %

b) The negligence of Captain Carl Binder 80 %

c) The unseaworthiness of the M/V JEANIE-G 0 %

(Please proceed to Question 8)

8. What amount, if any, do you find will fairly and adequately compensate Captain Carl Binder for his injuries?

a) Past, present, and future pain and suffering and resulting mental anguish

$ 100,000.00

b) Future impairment that is reasonably probable to occur $ 5,000.00

c) Loss of past wages $ 5,000.00

d) Loss of future wage earning capacity $ 0

(Please date and sign the verdict form and return to the courtroom.)

New Orleans, Louisiana, this 26 day of July, 2005.

[signature]

FOREPERSON

AO 187(Rev. 4/82)

# EXHIBIT AND WITNESS LIST

| | | |
|---|---|---|
| CARL BINDER VS. MID-STREAM FUEL SERVICE, LLC, ET AL | | DISTRICT COURT<br>Eastern District of Louisiana |
| PLAINTIFF'S ATTORNEY<br>Darleen Jacobs & Thomas Burn | DEFENDANT'S ATTORNEY<br>Robert Killeen, Jr. & Robert Stern | DOCKET NUMBER 04-1686<br>REF: 04-1930 - L<br>TRIAL DATE(S) 7-25-05 |
| PRESIDING JUDGE ELDON E. FALLON | COURT REPORTER CATHY PEPPER | COURTROOM DEPUTY GAYLYN LAMBERT |

| PLT. NO. | DEFT. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | 7-25-05 | ✓ | ✓ | Medical records of Dr. William Hicks at McGregor Medical Center |
| 2 | | 7-25-05 | ✓ | ✓ | Medical records of Alabama Orthopedic Clinic |
| 3 | | 7-25-05 | ✓ | ✓ | Income Tax Returns 2001 & 2002 in globo |
| 4 | | 7-25-05 | ✓ | ✓ | South Baldwin Medical Center Medical Records |
| Proffer #1 | | 7-25-05 | ✓ | ✓ | Invoices of repairs to Jeannie G |
| 5 | | 7-25-05 | ✓ | ✓ | Report of S. Daniel Seltzer, MD. dated 7-21-05 |

*Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Judge — HELP! 7/26/05 0:40pm

Does question 7 (percentages) have any relationship to question 8

for example:

if we award $25,000 for 8A does he get $25,000 or the percentage indicated in #7

Also, does paragraph at bottom of p. 19 + top of p 20 apply to this case?

Connie VanKerrem

7:55 PM

Dear Jury:

Under your example the plaintiff would receive $25,000 unless you have found him contributorily negligent. in which case his award would be reduced by the percentage of negligence you attributed to him.

Paragraph at the bottom of P. 19 & top of P 20 does apply to this case.

Judge Fallon

7/26/05 8:40 pm

I would like to talk to Judge in private.

[signature]

The law does not permit me to confer with ~~the~~ a member of the Jury in private

Judge Fallon